PETITION OF AMASA F. EDDY, Receiver in *Farmer* v. *Farmer,*
*Girsch & Company.*

A receiver appointed under Pub. Stat. R. I. cap. 237, § 13, will refuse to pay claims proven
    before him which he believes to be unjust.  The claimants may have their remedy in this
    court on exceptions to the receiver's refusal.
In special circumstances this court may extend the time allowed to claimants to prove their
    claims before the receiver.

TRUSTEE'S PETITION for instructions.

By a decree entered October 6, 1886, in a petition in equity,
*Edward G. Farmer* v. *Farmer, Girsch & Company*, Amasa F.
Eddy was appointed receiver of the said Farmer, Girsch & Com-
pany, pursuant to Pub. Stat. R. I. cap. 237, § 13. The decree
appointing the receiver directed him to convert into money the
property of which he took possession as receiver, " and marshal
and distribute the same among the several creditors of said Far-
mer, Girsch & Co., and of said Edward G. Farmer, Jun., and
Charles W. Girsch, as this court shall, upon application of the
said receiver, hereafter order, who shall come in and prove their
claims by making an affidavit of the amount of the same, and filing
the same with said receiver within ninety days from the first pub-
lication of the notice hereinafter required, and all creditors failing
so to prove their claims shall be debarred from all dividends here-
under." Notice was ordered by mail to all creditors whose names
were on the books of the debtors and by publication twice a week
for two weeks in a daily paper published in the city of Providence.

After the lapse of the ninety days the receiver Eddy filed his
petition for instructions, setting forth certain claims which ap-
peared on the debtor copartnership's books, which were just debts,
but which the creditors, through ignorance or inadvertence, had
neglected to prove as above provided ; and asking that the time to
prove them might be extended, and that he might be allowed to
pay a dividend on them ; also setting forth certain other claims
which had been sworn to as above provided, but which the re-
ceiver believed to be " pretended and false claims," and asking
what course of conduct he should adopt in regard to them.

*February* 19, 1887.  PER CURIAM.  The court advises the re-
ceiver to disallow any claims which he considers not true and

just, leaving the claimants to come to this court upon exceptions to such disallowance, if they shall see fit, such exceptions to be filed in this court within thirty days after notice to them of the disallowance and of this condition.

The receiver represented, in support of his application for an extended time in favor of certain creditors, that the unproved claims amounted to only $125.34; that they were divided among fourteen specified claimants ; that he was satisfied the claims were just ; that he had nearly if not quite enough money in his hands to pay all the just claims proved and unproved ; that he had conferred with nearly all the creditors who had proved their claims, and that they were willing the time should be extended.

The court will allow the creditors whose names are mentioned in the schedule annexed to the petition thirty days from the entry of an order hereon within which to prove their claims, as provided in the order heretofore made in said matter.